UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                    Case No. 08-12771

JENNIFER JAMES                                          HON. AVERN COHN

      Defendant,

_____/

## ORDER DENYING DEFENDANT'S REQUEST FOR HEARING RELATING TO GARNISHMENT (Doc. 24)

### I. Introduction

This is a student loan case. In 1985, defendant took out a student loan for $2,670.00 with an 8% interest rate. Defendant defaulted by failing to make payment on the loan. Eventually, the government was assigned the right to collect on the loan; it filed this action in 2008. Defendant failed to answer the complaint or otherwise appear. A default judgment was entered against her in the principal amount of $2,670.00 plus prejudgment interest in the amount of $3,236.77, and costs of $350.00, for a total of $6,256.77 plus post judgment interest. (Doc. 7). The government then began collection actions which resulted in the issuance of several writs of garnishment. Before the Court is defendant's request for a hearing regarding the garnishment. (Doc. 24). The government filed a response, contending that a hearing is not necessary. (Doc. 27). The Court agrees with the government. Accordingly, defendant's request is DENIED.

## II. Background

On June 28, 2008, the government filed its complaint against defendant. (Doc. 1). The Proof of Service shows that defendant was personally served on July 18, 2008 (Doc. 3). Defendant failed to file any answer to the complaint. The government then sought and obtained a Clerk's Entry of Default (Doc. 6) and a Clerk's Entry of Judgment by Default on August 4, 2008 (Doc. 7). The Default Judgment was mailed to defendant, who again took no action.

Since the entry of the Default Judgment, the government has pursued collection efforts. On October 1, 2008, it served a Writ of Garnishment on the State of Michigan for defendant's state income tax refund (Doc. 10). On December 27, 2016, the government served a Writ of Garnishment on Chase Bank (Doc. 13). Neither of these garnishments was successful.[1]

Having received no payments from defendant since the entry of the Default Judgment in 2008, the government referred the debt to the United States Department of Treasury for Inclusion in the Treasury Offset Program ("TOP"), and provided defendant with notice that it was doing so on October 3, 2013. As a result of the referral to TOP, the government received payments in 2015 and 2016 totaling $3,878.00. These payments apparently came from defendant's federal income tax refund which the TOP permits.

On February 9, 2017, defendant filed a request for hearing (Doc. 24). Defendant

---

[1]The government also recently served a Writ of Garnishment on Bank of America on January 19, 2017 (Doc. 18). Bank of America filed an answer stating that defendant has no accounts at Bank of America. (Doc. 24).

says that she has experienced financial hardship and requests that her 2016 tax refund be exempt from garnishment.  Defendant has also requested that her case be transferred to Suffolk County, New York because that is where she now resides.  See Doc. 22.

III.

To the extent defendant objects to prior tax refunds being used to pay her debt under the TOP program, her objection lacks merit.  Federal law requires any federal agency that is owed a past-due, legally enforceable debt to notify the United States Department of Treasury of that debt for inclusion into the TOP.  See 26 U.S.C. § 3720A. In referring the debt to the Secretary of Treasury, the federal agency must notify the debtor of the referral and give the debtor the opportunity to present evidence that the debt is not past due or is not legally enforceable.  In referring the debt, the agency must demonstrate that it has made reasonable efforts to obtain payment of such debt.

Here, the government has satisfied all of its obligations under the statute.  It notified defendant of its intent to refer her debt to the TOP in 2013.  Prior to referring the debt, the government spent five (5) years attempting to collect the debt from defendant by way of garnishments and state income tax offsets.

To the extent that defendant is requesting a payment plan in order to prevent future referrals of her debt to the TOP, the government says that it is "more than willing to discuss that possibility with Defendant."  (Doc. 27 at page 3).  As noted in the government's papers, the parties must abide by state procedures in order to have a money judgment paid in installments and the record at this point does not contain sufficient evidence to support an installment plan.  Thus, there is no need for a hearing

3

at this time regarding defendant's financial hardship.

Finally, defendant asks that this case be transferred to New York where she now resides. As explained in the government's papers, a transfer is neither required or appropriate. That said, any communications with counsel for the government or proceedings in Court may be done over the telephone and the submission of relevant documents may be done electronically or via mail. This will prevent defendant having to travel back to Michigan. Accordingly, defendant's request to change venue is denied.

Defendant is encouraged to discuss payment arrangements with the government's counsel, as the government has invited defendant to do. The Court hopes that the parties are able to reach a payment arrangement which will prevent defendant's debt from being referred to the TOP in the future.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 2, 2017
      Detroit, Michigan

4